IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-429-MOC-DCK

| | |
|---|---|
| CHRISTOPHER MOORE, and AUSTIN HILL, on behalf of themselves and those similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> TAKE 5, LLC, and DRIVEN BRANDS SHARED SERVICES, LLC, </br></br> Defendants. | ) ) ) ) ) **ORDER** ) ) ) ) ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion To Amend Complaint To Add State Law Claims"(Document No. 59) and the "Joint Motion For Status Conference To Address the Fed. R. Civ. P. 26(F) Conference And Discovery Plan" (Document No. 64). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend and <u>deny</u> the motion for a status conference.

## BACKGROUND

Christopher Moore ("Moore") and Austin Hill ("Hill") (together, "Plaintiffs") filed a "Collective Action Complaint Under The Fair Labor Standards Act..." (Document No. 1) on July 18, 2023, on behalf of themselves and those similarly situated. Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.("FLSA") against Take 5, LLC ("Take 5) and Driven Brands Shared Services, LLC ("Driver Brands") (together,

"Defendants"). (Document No. 1, p. 1). "Plaintiffs, and other employees similarly situated, were employed by Defendants as Shop Managers at Defendants['] Take 5 Oil Change stores." (Document No. 1, p. 2). Plaintiffs allege that Defendants violated the FLSA by failing to pay overtime wages. (Document No. 1, p. 1). Pursuant to 29 U.S.C. § 207, Plaintiffs seek unpaid overtime wages and liquidated damages. (Document No. 1, pp. 8-9).

"Defendants' Answer And Defenses To The Collective Action Complaint" (Document No. 21) was filed on September 18, 2023. The parties then filed a "Joint Stipulation And Motion For Entry Of Order Approving Conditional Certification And Court-Authorized Notice Pursuant To 29 U.S.C. § 216(b) And Request For Stay Pending Alternative Dispute Resolution" (Document No. 26) on October 16, 2023. The Honorable Max O. Cogburn, Jr. granted the parties' "Joint Stipulation And Motion..." (Document No. 26) on November 21, 2023, and conditionally certified the class as stipulated and approved the proposed Opt-in Notice. (Document No. 27).

On March 7, 2024, the undersigned issued an Order granting the parties' "Joint Motion To Extend Stay Of The Case" (Document No. 50) and staying the case through April 9, 2024. (Document No. 51). The parties filed a "Joint Status Report" (Document No. 57) on May 15, 2024, reporting that a full-day mediation on May 2, 2024, had resulted in an impasse. In addition, the parties stated that "Plaintiffs intend to file a Motion to Amend the Complaint to add Rule 23, state law claims," and that Defendants "intend to oppose this Motion in light of Defendants' stipulation of conditional certification." (Document No. 57).

"Plaintiffs' Motion To Amend Complaint To Add State Law Claims"(Document No. 59) was filed on June 5, 2024. The motion has been fully briefed and is ripe for review and disposition. See (Document Nos. 60, 61 and 62). Also pending is the parties' "Joint Motion For Status

2

Conference To Address the Fed. R. Civ. P. 26 (F) Conference And Discovery Plan" (Document No. 64) filed on August 27, 2024.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001));  see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

By the pending motion to amend, Plaintiffs assert that they "have determined that a number of the opt-ins have additional claims under Arizona, Illinois, Indiana, Kentucky, Ohio, Virginia and Wisconsin law that would potentially entitle them to remedies above and beyond those available under the FLSA." (Document No. 59, p. 1). Plaintiffs note that the "opt-in period has only recently closed, no discovery has taken place to date, and Plaintiffs have sought amendment

3

promptly." Id. Based on the foregoing, Plaintiffs conclude that "[j]udicial efficiency and the remedial purpose of overtime protections favor permitting the filing of this amended complaint." (Document No. 59, p. 2).

"Plaintiff's Memorandum In Support..." further asserts that "[c]ourts routinely allow amendments to add state law claims in similar FLSA actions" and states that "because of the claim-splitting doctrine, Plaintiffs must file these claims in the instant proceeding." (Document No. 60, pp. 1, 4-5) (citations omitted). Finally, Plaintiffs argue that there is "no delay, undue prejudice, or futility" that would justify denying the motion to amend. (Document No. 60, p. 6).

"Defendants' Opposition..." argues that the parties "agreed to stipulate to conditional certification of the FLSA Collective" and that "Defendants' agreement to stipulate to conditional certification and mediation was, in part, consideration for Plaintiffs' agreement to limit the case going forward to the opt-ins that wished to participate." (Document No. 61, pp. 1-2). Defendants allege that "Plaintiffs are now reneging on their previous agreement in an attempt to gain additional settlement leverage, and to pursue claims on behalf of current and former Shop Managers that have already received notice of their opportunity to participate and have affirmatively chosen not to do so." (Document No. 61, p. 2).

Defendants note that "they do not oppose Plaintiffs amending their Complaint to add state law claims for those individuals that chose to opt into the case," but do oppose Plaintiffs adding "six different Rule 23 state law *class* claims on behalf of individuals that have already expressly chosen not to respond to the Notice authorized by this Court." Id. Defendants contend the proposed amendment will cause undue delay, prejudice, and reward bad faith behavior. (Document No. 61, pp. 2-3).

Suggesting delay and/or prejudice are applicable here, Defendants further contend that "[a] district court does not abuse its discretion by denying leave to amend where the amendment comes so late in the case that granting leave would change the nature or character of the litigation and, thus, prejudice the non-moving party." (Document No. 61, p. 5) (citing Equal Rights Ctr. v. Niles Bolton Associates, 602 F.3d 597, 603 (4th Cir. 2010) (affirming denial of "addition of a contribution claim after the close of a three-year long discovery process and on the eve of the deadline for dispositive motions would have required [district court] to reopen discovery and thereby prejudice Niles Bolton").

Allowing the proposed amendment, according to Defendants, would render the Court's "Notice that went out to the putative class members false" because it will allegedly give Shop Managers in certain states an additional opportunity to join this lawsuit. (Document No. 61, p. 6). Defendants also argue that the "proposed amendment would cause undue delay, reopening the issue of the scope of the litigation requiring months of discovery and briefing on Rule 23 certification." (Document No. 61, p. 8).

Based on the parties' briefing, including "Plaintiff's Reply...," and the cited legal authority, the undersigned finds that at this relatively early stage of the litigation – before an Initial Attorney's Conference and any discovery – the undersigned is persuaded that the interests of justice support allowing the proposed amendment. In short, the undersigned is not convinced that there is prejudice, futility, or bad faith that adequately supports denying this motion. Although Defendants' most compelling argument relates to the parties' purported agreement about conditional certification, the undersigned is not convinced that such agreement precluded Plaintiffs from seeking to amend at a later date.

5

At this time, the undersigned will respectfully decline to grant the parties' motion for a status conference. (Document No. 64). Instead, the Court directs counsel for the parties to conduct an Initial Attorney's Conference and make a good faith attempt to agree on a proposed scheduling plan.

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion To Amend Complaint To Add State Law Claims" (Document No. 59) is **GRANTED**. [1]

**IT IS FURTHER ORDERED** that the "Joint Motion For Status Conference To Address the Fed. R. Civ. P. 26(F) Conference And Discovery Plan" (Document No. 64) is **DENIED WITHOUT PREJUDICE**. Counsel for the parties shall conduct an Initial Attorney's Conference and file a Certificate Of Initial Attorney's Conference on or before **November 1, 2024**. See LCvR 16.1.

**SO ORDERED**.

Signed: October 10, 2024

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."